# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SALLY LEESON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-10-CV-0480 OG (NN) |
| GUADALUPE COUNTY, | § | |
| CITY OF SCHERTZ, | § | |
| DAVID LEESON, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The purpose of this order is to direct plaintiff Sally Leeson to show cause why this case should not be dismissed. Plaintiff styled this case as a civil rights case under section 1983. Plaintiff stated that this case originated from a child custody case in the District Court for Guadalupe County, Texas. Plaintiff complained about the deprivations of constitutional rights and asked the district court "to take the custody case as part of the one *sub judice* pursuant to its supplemental jurisdiction."[1] Plaintiff named three defendants: (1) plaintiff's ex-husband, David Leeson; (2) the City of Schertz, Texas (the City); and (3) Guadalupe County, Texas (the County). For the reasons discussed below, it appears plaintiff has failed to state a claim.

**Claims against Defendant David Leeson**. "To state a claim under § 1983, a

---

[1]Docket entry # 1, § III, ¶ 1.

plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[2] "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[3] "[S]tate employment is generally sufficient to render the defendant a state actor. . . ."[4] Here, there is no indication that DavidLeeson is a state actor. Instead, plaintiff described David as her ex-husband and accused him of sexually abusing her daughter. Although plaintiff alleged that the "County and [David] … were parties to a conspiracy to subvert the law and judicial process to further the aims of the conspiracy to the damage and detriment of Plaintiff,"[5] she alleged nothing justifying the conclusion that Defendant Leeson's alleged bad acts are fairly attributable to state action.[6] Because defendant David

---

[2] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

[4] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

[5] Docket entry # 1, § III, ¶ 4.

[6] There are five tests for determining whether a private party's involvement with local government justifies the conclusion that the party was engaged in "state action." (1) Under the symbiotic relationship theory, state action is present when the state and private party have a symbiotic relationship; state action is present only when the state profited from the private wrong. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175 (1972) (determining that state regulatory scheme enforced by state liquor board did not sufficiently implicate state in discriminatory policies of private club as to constitute "state action" and explaining that nothing approaching symbiotic relationship between lessor and lessee in *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961) existed). Plaintiff did not allege that Guadalupe County profited from defendant Leeson's alleged wrongs.

Leeson is not a state actor, plaintiff failed to state against him under section 1983.

**Claims against the City**.  Plaintiff's allegations against the City flow from her arrest for public intoxication in May 2008.[7]  Plaintiff alleged that the City's actions related to the

---

(2) Under the public function theory, state action exists when a private party performs a function that has been historically and traditionally the exclusive prerogative of the state. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974) ("We have … found state action present in the exercise by a private entity of powers traditionally exclusively reserved to the State.").  Plaintiff did not allege that defendant Leeson performed a state function.  (3) Under the "sufficiently close nexus" test, state action exists if the local government ordered the private conduct, or "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.").  "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives…." *Blum*, 457 U.S. at 1004-05.  Plaintiff did not allege that the County or the City ordered defendant Leeson's alleged wrongful conduct or exercised coercive power over his conduct or provided significant encouragement in that conduct.  (4) Under the joint participation theory, a private individual who jointly participates in the alleged constitutional wrongdoing with a local official is engaged in state action.  *See Lugar*, 457 U.S. at n. 6 ("Joint action with a state official to accomplish a prejudgment deprivation of a constitutionally protected property interest will support a § 1983 claim against a private party.").  Plaintiff alleged that Leeson continuously lied about his relationship with herself and her daughters and that the County knew about the lies, but plaintiff did not attribute defendant Leeson's alleged bad acts to the County.  (5) Under the pervasive environment theory, a private association may be considered a state actor if the state is "pervasively entwined" with the association.  *See Brentwood Academy v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288, 296 (2001) ("We have treated a nominally private entity as a state actor when it is controlled by an 'agency of the State,' when it has been delegated a public function by the State, when it is 'entwined with governmental policies,' or when government is 'entwined in [its] management or control.'").  Plaintiff did not allege that the County has management of control over defendant Leeson.

[7]Docket entry # 1, ¶ 20.

3

arrest violated her constitutional rights. "The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."[8] In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations. That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."[9] Under Texas law, the statute of limitations begins to run when legal injury occurs.[10] According to plaintiff's complaint, her legal injury occurred no later than May 31, 2008.[11] Two years after May 31, 2008 is May 31, 2010. Plaintiff filed her complaint on June 8, 2010. That date is outside the two-year limitations period. Therefore, plaintiff's claim against the City is barred by limitations. A claim that is barred by limitations fails to state a claim upon which this court may grant relief.

**Claims against the County**. Some of plaintiff's claims against the County flow from a child custody case: Plaintiff stated in her complaint that "[t]his action originates in

---

[8] *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[9] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2006).

[10] *See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally … accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").

[11] The City's initial disclosures stated that plaintiff's arrest occurred on May 4, 2008. *See* docket entry # 21.

4

a child custody case, Cause No. 04-0152-CV pending in the District Court of Guadalupe County, Texas."[12] A federal court lacks jurisdiction over child custody cases under the domestic relations exception.[13]

> Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees.[14]

To the extent plaintiff's claims are based on the County's actions related to the child custody case, this court lacks jurisdiction over the claims. A claim for which the court lacks jurisdiction fails to state a claim upon which this court may grant relief.

Plaintiff's other claims flow from her complaints about numerous criminal charges brought against her by the County. Plaintiff complained about "five criminal cases and the thirty-five to forty indictments"[15] against her. She complained about being falsely arrested and imprisoned, and subjected to excessive bail.[16] To the extent plaintiff's complaints

---

[12] Docket entry # 1, ¶ 1.

[13] *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (explaining that domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees").

[14] *See Ankenbrandt*, 504 U.S. at 703-04.

[15] Docket entry # 21, § III, ¶ 15.

[16] *Id.*

5

implicate the constitutionality of a state conviction or sentence, her section 1983 claim does not accrue until her conviction or sentence has been "declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[17] Plaintiff did not allege that her conviction or sentence has been declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[18] Therefore, it appears plaintiff's claims flowing from a criminal conviction or sentence have not accrued under section 1983. A claim that has not yet accrued fails to state a claim upon which this court may grant relief.

To the extent plaintiff's complaints implicate a pending criminal charge, the *Younger* abstention a prohibits federal court from interfering with pending state criminal prosecutions, or with pending state civil proceedings that implicate important state interests.[19] To the extent plaintiff complained about a pending criminal charge, her claim is

---

[17] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[18] The court observes that The state court of appeals dismissed plaintiff's appeals of her convictions in Cause Nos. 08-1270-CR, 08-1474-CR, 08-1475-CR, 08-1476-CR and 09-0026-CR, because plaintiff entered into plea bargains with the State of Texas and because her punishment did not exceed that recommended by the prosecutor and agreed to by plaintiff.

[19] *See Ankenbrandt*, 504 U.S. at 705 (explaining that *Younger* abstention doctrine bars federal court jurisdiction over pending state proceedings); *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has … manifested a desire to permit state courts to try state cases free from interference by federal courts.").

barred by the *Younger* abstention doctrine. A barred claim fails to state a claim upon which this court may grant relief.

**Court's order**. To ascertain whether plaintiff has stated a claim upon which relief may be granted, I ORDER plaintiff to show cause why this case should not be dismissed for failing to state a claim. Plaintiff must respond to this order in writing by **May 11, 2011**, and explain why this case should not be dismissed for failing to state a claim. In her response, plaintiff must specifically address the reasoning discussed in this order and report the status of her child custody case and her criminal charges. If plaintiff fails to respond to this order by May 11, 2011, or fails to provide the details directed by this order, I will recommend dismissing this case for failing to state a claim upon which relief may be granted and failing to prosecute.[20]

**SIGNED** on April 27, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] *See* Fed. R. Civ. P. 41(b) (permitting the defendant to move for dismissal on grounds plaintiff failed to prosecute case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").