UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SALLY LEESON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-10-CV-0480 OG (NN) |
| GUADALUPE COUNTY, | § | |
| CITY OF SCHERTZ, | § | |
| DAVID LEESON, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO: Honorable Orlando Garcia
United States District Judge

This report recommends dismissing this case. After the case was referred to me,[1] I determined the complaint failed to state a claim upon which relief can be granted. A district court may dismiss a complaint on its own for failure to state a claim so long as long as the procedure employed is fair.[2] Fairness in the context of a sua sponte dismissal requires notice of the court's intention and an opportunity to respond.[3] To ensure fair procedure, I issued a show cause order notifying the plaintiff about the

---

[1]Docket entry # 16.

[2]*See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

[3]*See Carroll*, 470 F.3d at 1177.

deficiencies in her complaint[4] and giving the plaintiff an opportunity to respond. After reviewing the plaintiff's response, I concluded that the plaintiff failed to state a claim and this case should be dismissed. That process is a fair procedure for dismissing a case. In addition, analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process.

**Nature of the case**. Plaintiff Sally Leeson styled this case as a civil rights case under section 1983. The plaintiff stated that this case originated from a child custody case in the District Court for Guadalupe County, Texas. The plaintiff complained about the deprivations of constitutional rights and asked the district court "to take the custody case as part of the one *sub judice* pursuant to its supplemental jurisdiction."[5] The plaintiff named three defendants: (1) the plaintiff's ex-husband, David Leeson; (2) the City of Schertz, Texas (the City); and (3) Guadalupe County, Texas (the County).

When the plaintiff filed this case, she was represented by an attorney. She later advised the court that her attorney had withdrawn and sought to proceed pro se.[6] The plaintiff has since proceeded pro se.

---

[4]Docket entry # 22.

[5]Docket entry # 1, § III, ¶ 1.

[6]Docket entry # 11. Leeson's attorney never sought leave to withdraw from this case.

**Pleading standards**. Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not include detailed factual allegations, but a plaintiff must identify the grounds of her purported entitlement to relief; a plaintiff's obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7] A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"[10]

**Claims against the City**. The plaintiff's allegations against the City flow from her arrest for public intoxication in May 2008.[11] The plaintiff alleged that the City's actions related to the arrest violated her constitutional rights. "The limitations period for a claim brought under section 1983 is determined by the general statute of

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Twombly*, 550 U.S. at 570.

[9] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[10] *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8).

[11] Docket entry # 1, ¶ 20.

3

limitations governing personal injuries in the forum state."[12] In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations. That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."[13] Under Texas law, the statute of limitations begins to run when legal injury occurs.[14]

According to the plaintiff's complaint, her legal injury occurred no later than May 31, 2008.[15] Two years after May 31, 2008 is May 31, 2010. The plaintiff filed her complaint on June 8, 2010. That date is outside the two-year limitations period. Therefore, the plaintiff's claim against the City is barred by limitations. A claim that is barred by limitations fails to state a claim upon which this court may grant relief.

In response to the show-cause order, the plaintiff relied on attorney malfeasance for filing outside the limitations period. She asserted that the attorney said "he would

---

[12] *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[13] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006).

[14] *See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally … accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").

[15] The City's initial disclosures stated that plaintiff's arrest occurred on May 4, 2008. *See* docket entry # 21.

submit the suit for review before the two year statute of limitations expired."[16] She also complained that the attorney failed to name police officer John Correu as a defendant. The plaintiff identified Correu as the person who viciously attacked her when she was arrested for public intoxication. The plaintiff stated that she asked her attorney to submit an affidavit about why he did not file the case within the limitations period, but the attorney failed to respond. The plaintiff relied on ineffective assistance of counsel and asked the court to exercise jurisdiction over her claims against the City "in the interest of justice." In essence, the plaintiff asked the court to toll the statute of limitations on her claim against the city. No authority exists to toll the limitations period based on attorney malfeasance. Even if authority existed, the plaintiff conceded in her response that she knew when her legal injury occurred[17] and she knew about the two-year limitations period.[18] The City is entitled to dismissal of the claims against the

---

[16] Docket entry # 28, p. 3.

[17] Docket entry # 33, p. 3 (referring to injuries which occurred on May 31, 2008).

[18] In the letter to the attorney, the plaintiff stated the following:

> I remember telling you to file on the incident involving my being physically punished and manhandled by Officer John Carrieu, and the Schertz Police Department, and that I did not want to lose the Two Year Statute of Limitations. You responded that you would file within the Two Year statute period, to stop worrying about it, further stating that time started tolling on the 2 year period from date of sentencing. You included the incident in the Federal lawsuit, again telling me we were Ok on the Statute of Limitations on the incident.

5

City.

**Claims against David Leeson**. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[19] "[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[20] "[S]tate employment is generally sufficient to render the defendant a state actor. . . ."[21] David Leeson is not a state actor. The plaintiff described David Leeson as her ex-husband and accused him of sexually abusing her daughter. Although the plaintiff alleged that the "County and [David Leeson] … were parties to a conspiracy to subvert the law and judicial process to further the aims of the conspiracy to the damage and detriment of Plaintiff,"[22] she alleged nothing justifying the conclusion that David Leeson's alleged bad acts are fairly attributable to state action.

In response to the show-cause order, the plaintiff asserted that Correu is a good friend of David Leeson. The plaintiff stated that she is trying to locate a witness to

---

Docket entry # 28, p. 7.

[19] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[20] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

[21] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

[22] Docket entry # 1, § III, ¶ 4.

6

establish that David Leeson and Correu have a symbiotic relationship. The plaintiff asked the court to apply the five tests for determining whether a private party's involvement with local government justifies the conclusion that the party was engaged in "state action." The plaintiff's allegations are insufficient under each test.

- Under the symbiotic relationship theory, state action is present when the state and private party have a symbiotic relationship; state action is present only when the state profited from the private wrong.[23] Because the plaintiff did not allege that the City or the County profited from David Leeson's alleged wrongs, state action is not implicated under the symbiotic relationship theory.

- Under the public function theory, state action exists when a private party performs a function that has been historically and traditionally the exclusive prerogative of the state.[24] Because the plaintiff did not allege that David Leeson performed a state function, state action is not implicated under the public function theory.

- Under the sufficiently close nexus test, state action exists if the local government ordered the private conduct, or "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."[25] "Mere approval of or acquiescence in the

---

[23] *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175 (1972) (determining that state regulatory scheme enforced by state liquor board did not sufficiently implicate state in discriminatory policies of private club as to constitute "state action" and explaining that nothing approaching symbiotic relationship between lessor and lessee in *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961) existed).

[24] *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974) ("We have … found state action present in the exercise by a private entity of powers traditionally exclusively reserved to the State.").

[25] *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in

7

initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives…."[26] Because the plaintiff did not allege that the City or the County ordered David Leeson's alleged wrongful conduct or exercised coercive power over his conduct or provided significant encouragement in that conduct, state action is not implicated under the sufficiently close nexus test.

- Under the joint participation theory, a private individual who jointly participates in the alleged constitutional wrongdoing with a local official is engaged in state action.[27] The plaintiff alleged that David Leeson continuously lied about his relationship with herself and her daughters and that the County knew about the lies, but plaintiff did not attribute defendant Leeson's alleged bad acts to the County or the City. Thus, state action is not implicated under the joint participation theory.

- Under the pervasive environment theory, a private association may be considered a state actor if the state is "pervasively entwined" with the association.[28] Because the plaintiff did not allege that the County or the City has management or control over David Leeson, state action is not implicated under the pervasive environment theory.

No basis exists for considering David Leeson as a state actor. Consequently, the plaintiff failed to state against him under section 1983. David Leeson is entitled to

---

law be deemed to be that of the State.").

[26] *Blum*, 457 U.S. at 1004-05.

[27] *See Lugar*, 457 U.S. at n. 6 ("Joint action with a state official to accomplish a prejudgment deprivation of a constitutionally protected property interest will support a § 1983 claim against a private party.").

[28] *See Brentwood Academy v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288, 296 (2001) ("We have treated a nominally private entity as a state actor when it is controlled by an 'agency of the State,' when it has been delegated a public function by the State, when it is 'entwined with governmental policies,' or when government is 'entwined in [its] management or control.'").

dismissal of the claims against him.

**Claims against the County**. Some of the plaintiff's claims against the County flow from a child custody case. The plaintiff stated in her complaint that "[t]his action originates in a child custody case, Cause No. 04-0152-CV pending in the District Court of Guadalupe County, Texas."[29] A federal court lacks jurisdiction over child custody cases under the domestic relations exception.[30]

> Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees.[31]

To the extent the plaintiff's claims are based on the County's actions related to the child custody case, this court lacks jurisdiction over the claims. A claim for which the court lacks jurisdiction fails to state a claim upon which this court may grant relief.

The plaintiff's other claims flow from her complaints about numerous criminal charges brought against her by the County. The plaintiff complained about "five

---

[29]Docket entry # 1, ¶ 1.

[30]*See Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (explaining that domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees").

[31]*See Ankenbrandt*, 504 U.S. at 703-04.

9

criminal cases and the thirty-five to forty indictments"[32] against her. She complained about being falsely arrested and imprisoned, and subjected to excessive bail.[33] To the extent the plaintiff's complaints implicate the constitutionality of a state conviction or sentence, her section 1983 claim does not accrue until her conviction or sentence has been "declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[34] The plaintiff reported in her response to the show-cause order that her application for a writ of habeas corpus challenging her sentence and conviction are pending before the state trial court. The status of the application shows that neither the plaintiff's conviction nor her sentence has been declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Publicly available information indicates the state court of appeals dismissed the plaintiff's appeals of her convictions because the plaintiff entered into plea bargains with the State of Texas and because her punishment did not exceed that recommended by the prosecutor and agreed to by plaintiff. PACER Case Locator indicates no federal court has issued a writ of habeas corpus in regard to the plaintiff's conviction or

---

[32] Docket entry # 21, § III, ¶ 15.

[33] *Id.*

[34] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

sentence. Therefore, it is clear neither the plaintiff's conviction nor sentence has been declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, the plaintiff's claims flowing from a criminal conviction or sentence have not accrued under section 1983. A claim that has not yet accrued fails to state a claim upon which this court may grant relief.

To the extent the plaintiff's complaints implicate a pending criminal charge, the *Younger* abstention doctrine prohibits federal court from interfering with pending state criminal prosecutions, or with pending state civil proceedings that implicate important state interests.[35] To the extent plaintiff complained about a pending criminal charge, her claim is barred by the *Younger* abstention doctrine. A barred claim fails to state a claim upon which this court may grant relief.

**Recommendation**. The plaintiff's claim against the City is barred by limitations. The plaintiff failed to state a claim against David Leeson because he is not a state actor. As to the County, the court lacks jurisdiction over the plaintiff's claim flowing from the child custody case under the domestic relations exception. The plaintiff's claim flowing from her criminal conviction or sentence have not accrued under section 1983. Any

---

[35] *See Ankenbrandt*, 504 U.S. at 705 (explaining that *Younger* abstention doctrine bars federal court jurisdiction over pending state proceedings); *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has…manifested a desire to permit state courts to try state cases free from interference by federal courts.").

claim about a pending criminal charge is barred by the *Younger* abstention doctrine. For these reasons, I recommend dismissing this case for failing to state a claim.[36]

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[37] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de*

---

[36] *See Real Estate Innovations v. Houston Ass'n of Realtors*, No. 09–20868, 2011 WL 1453929, at * 7 (5th Cir. Apr. 15, 2011) (explaining that a district court can dismiss a complaint on its own motion for failure to state a claim so long as the court employs a fair procedure; fairness requires notice of the court's intention and an opportunity to respond).

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

*novo* determination by the district court.[38] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[39]

**SIGNED** on June 16, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[38] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[39] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).